Dear Mr. Romig:
You advise this office that you currently serve on the board of commissioners governing the New Orleans City Park Improvement Association. You ask if the Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., prevent your concurrent service as a member of the Sugar Bowl Committee, and as a member of the Fore! Kids Foundation board of directors.
The dual officeholding statutes contemplate the holding of two or more elective or appointive offices and/or employments as those terms are specifically defined. "Employment" is defined by R.S.42:62(3) as follows:
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
"Elective office" and "appointive office" are defined by R.S. 42:62(1) and (2) as follows:
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically *Page 2 
authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
R.S. 36:209(o) places the New Orleans City Park Improvement Association and its Board of Commissioners within the Department of Culture, Recreation and Tourism and permits it to exercise and perform its powers, duties and functions as provided for state agencies transferred in accordance with R.S. 36:802.22. As such, the New Orleans City Park Improvement Association is part of the executive branch, exercising executive functions such as administration of state property, and implementing the policies of the executive branch. See R.S. 36:209(o)[1];see Attorney General Opinions 82-1062 and 93-220; see also State ex.rel. Jefferson Parish School Board v. City Park Improvement Association,345 So.2d 597 (La.App. 4th Cir. 1977). Members to the board of commissioners of the Association are appointed pursuant to the provisions of the City Park charter, as authorized by Act 130 of the 1896 Louisiana Regular Legislative Session.[2] Thus, for purposes of the dual officeholding statutes, a member of the Association's board of commissioners holds state appointive office.
The Sugar Bowl Committee, originally founded in 1934 as the New Orleans Mid-Winter Sports Association, is a non-profit organization, formed under Louisiana law by individuals and not by or with the authority of any governing authority or political subdivision. Members of the committee are elected by the membership of this non-profit organization.
The Fore! Kids Foundation is also a non-profit corporation, formed under Louisiana law by individuals and not by or with the authority of any governing *Page 3 
authority or political subdivision. The board of directors are elected by the membership of the foundation.
While you hold state appointive office as a member of the board of commissioners governing the New Orleans City Park Improvement Association, the other two positions do not fall within the ambit of the dual officeholding definitions, as the latter positions do not constitute employment, elective office, or appointive office for the purposes of the dual officeholding provisions. These positions do not constitute "appointive office" because neither position is "specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment . . . by an elected or appointed public official . . . [or] officials". Rather, the members of each organization (who do not hold public office) select each governing board.
The dual officeholding prohibitions or incompatibility provisions apply to the holding of two or more public offices or employments. These provisions pose no obstacle to your continued service in all three positions, as you hold only one "public office" for purposes of dual officeholding,
This opinion is limited to an examination of the dual officeholding statutes. Any other questions concerning the Code of Governmental Ethics should be forwarded to the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, LA 70808, phone 225-763-8777.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY'" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg *Page 1 
 ATTACHMENT November 22, 1982 OPINION NO. 82-1062 62-A LEGISLATURE — MEMBERS OF 77-A STATE OFFICERS. SELECTION, QUALIFICATIC 78 OFFICERS — DUAL OFFICEHOLDING 108-A-1 STATE PARKS COMMISSION
Recent charter amendments of the New Orleans City Park Improvement Association concerning Board membership by legislators violate Louisiana law. R.S. 36:4; 36:801.1; 36:209(M); R.S. 42:63B. Act 865 of 1982 1974 La.Const. Art. II, § 1 § 2 1974 La.Const. Art. III, § 1
 Honorable Charles Emile Bruneau, Jr. Louisiana State Representative 5555 Canal Boulevard Suite 4, Rear Plaza New Orleans, Louisiana 70124
Dear Representative Bruneau:
You informed us that the charter of the New Orleans City Park Improvement Association was recently amended to provide that members of the Board of Commissioners of the New Orleans City Park Improvement Association will include the Speaker of the House of Representatives, or his nominee from the membership of the House of Representatives, and the President of the Senate, or his nominee from the membership of the Senate.
You inquire whether the charter amendment violates Article II of the 1974 Louisiana Constitution. We conclude that it does.
Art. II, § 1 divides the powers of state government into the legislative, executive and judicial branches. Section 2 bars persons holding office in one branch of government from exercising power belonging to another branch. The prohibition is "the foundation on which our system of republican government is established." Saint v. Allen,169 La. 1046, 1053, 126 So.2d 548 (La. 1930).
At issue is whether the New Orleans City Park Improvement Association and its Board of Commissioners exercise functions of the executive branch. R.S. 36:4 enumerates the agencies of the executive branch, and includes the Department of Culture, Recreation and Tourism. R.S.36:209(M), as enacted by Act 865 of 1982, places the New Orleans City Park Improvement Association and its Board of Commissioners within the Department of Culture, Recreation and Tourism and permits it to exercise and perform its powers, duties and functions as provided for agencies transferred in accordance with R.S. 36:801.1. As such, the New Orleans City Park Improvement Association is part of the executive branch, exercising executive functions such as administration of state property, and implementing the policies of the executive branch. R.S. 36:801.1. *Page 2 
Louisiana law has upheld a strict construction of the separation principle. In the case of State ex rel. Guste v. Legislative BudgetCommittee, the court stated as follows:
 "Legislative power, as distinguished from executive power, is the authority to make laws, but not to enforce them or appoint the agents charged with the duty of such enforcement. The latter are executive functions." (Emphasis added)
347 So.2d 160, 165 (La. 1977). We must therefore conclude that no legislative officer, including legislators, may serve on the New Orleans City Park Improvement Association without violating Art. II, § 2 of the 1974 Louisiana Constitution.
You also inquire whether the dual officeholding statutes are violated.
We first point out that literal dual officeholding is unnecessary to constitute a violation of Louisiana law. All that is required for a violation of Art. II, § 2 of the Constitution is that a single person simultaneously exercise power, i.e. perform duties or functions, of two branches of government. Saint v. Allen, 169 La. at 1067; see also Op.Atty.Gen. 75-1717 prohibiting legislators from service on the Domed Stadium Commission.
It is our conclusion that the recent charter amendment also violates R.S. 42:63B, which provides that no officer of one branch of government shall hold another office in any other branch of state government.
We will not attempt to determine at this time the manner in which future charter amendments may permissibly be made.
Please do not hesitate to contact this office should you require further information.
Thank you very much.
 Very truly yours,
 WILLIAM J. GUSTE, JR.
 ATTORNEY GENERAL
 BY: __________________________
 MAUREEN J. FERAN
 Staff Attorney
 MJF:cc *Page 1 
 ATTACHMENT MARCH 26 1993 OPINION NO. 93-220 90-C PUBLIC RECORDS 92-A-A RECREATION — Parks Playgrounds etc. R.S. 42:41; R.S. 44:1; R.S. 36:801.1
It is the opinion of this office that the New Orleans City Park Improvement Assoc. is an element of the Executive Branch of State Govt. within the Department of Culture, Recreation and Tourism and as such, the meetings of its board of commissioners are subject to the Open Meetings Law. Furthermore, all records of that agency are subject to inspection pursuant to the Public Records Law.
 Honorable Marc H. Morial State Senator State Capitol Baton Rouge, LA 70804
Dear Senator Morial:
You have requested an opinion of this office as to the status of the New Orleans City Park Improvement Association and the applicability of the Open Meetings Law (R.S. 42:41, et. seq., and the Public Records Law, R.S. 44:1, et. seq.,) to that entity.
R.S. 36:209(0) provides as follows:
 "O. The New Orleans City Park Improvement Association and its board of commissioners (Act No. 130 of 1896; Act No. 104 of 1934; Act No. 492 of 1958; Act 405 of 1962) is transferred to the Department of Culture, Recreation and Tourism and shall exercise and perform its powers, duties, functions, and responsibilities as provided for agencies transferred in accordance with the provisions of R.S. 36:801.1."
In other legislation (e.g. Act 405 of 1962) and in appellate court decisions (State ex. rel. Jefferson Parish School Board v. City ParkImprovement Association, et. al. 345 So.2d 597) the Association has been recognized as a "state agency". Therefore, it is the opinion of this office that the New Orleans City Park Improvement Association is an element of the Executive Branch of State Government within the Department of Culture, Recreation and Tourism and as such, the meetings of *Page 2 
its board of commissioners are subject to the Open Meetings Law. Furthermore, all records of that agency are subject to inspection pursuant ot the Public Records Law.
 Very truly yours,
 RICHARD P. IEYOUB
 Attorney General
 BY: __________________________
 KENNETH C. DEJEAN
 Assistant Attorney General
[1] R.S. 36:209(0) provides:
O. The New Orleans City Park Improvement Association and its board of commissioners (Act No. 130 of 1896; Act No. 104 of 1934; Act No. 492 of 1958; Act No. 405 of 1962; Act No. 865 of 1982; Act No. 569 of 1989; Act No. 13 of 1998 First Extraordinary Session) is transferred to the Department of Culture, Recreation and Tourism and shall exercise and perform its powers, duties, functions, and responsibilities as provided for agencies transferred in accordance with the provisions of R.S.36:802.22.
[2] Act 130 of the 1896 Louisiana Regular Legislative Session provides:
Sec. 5.
Be it further enacted, etc., That "The New Orleans City Park Improvement Association" and the said "Audubon Park Association" shall have power, and are hereby authorized to make and adopt such by-laws, rules and regulations for their own government and the government of the said parks in their respective control as they may deem necessary or proper, to elect and appoint such officers, committees and employees as they may consider proper, to prescribe and define their respective duties, authority, and the amount of their compensation; provided, that neither of said parks shall ever be held liable for any obligation contracted by said Association, or either or them.